UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXINE SCHIFFMAN, Individually, and as
Administratix of the Estate of ANTHONY FRANK
FERRO, Decedent,

                                    Plaintiff,

            - against -

LLOYD EPSTEIN, Individually and as Parent and
Natural Guardian of BENJAMIN EPSTEIN, a minor,
et al.,

                                    Defendants.

04 Civ. 2661 (SCR) (LMS)

REPORT AND
RECOMMENDATION

TO:   THE HONORABLE STEPHEN C. ROBINSON,
      UNITED STATES DISTRICT JUDGE

        Before this Court is a fully briefed motion controverting well established principles of

federal subject matter jurisdiction and federal practice.  Plaintiff Maxine Schiffman (herein,

"Plaintiff") has filed a motion "to remove her case from the federal court to the state court."  See

Docket #145, Plaintiff's Memorandum of Law In Support of Her Motion to Remove her Case to

State Court (herein, "Pl's Mem.") at p. 1; see also Docket #144, Notice of Motion (seeking "an

order pursuant to 28 U.S.C. §1447(c)[] removing plaintiff's remaining state law claims from this

Court based on a lack of subject matter jurisdiction.").  Plaintiff, through counsel, commenced

the above-captioned matter in this Court pursuant to the Court's grant of original federal question

jurisdiction, 28 U.S.C. §1331, asserting claims of, inter alia, excessive force, unlawful entry, and

unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the

United States Constitution against several New York City police officers in their individual and

official capacities pursuant to 42 U.S.C. §1983.  See Docket #59, Plaintiff's Amended Complaint

1

(herein, "Am. Comp."). Plaintiff properly invoked 28 U.S.C. §1331 as the basis of this Court's grant of original subject matter jurisdiction over such claims and such parties. Plaintiff additionally asserted several state common law claims against these state actor defendants and against Defendant Lloyd Epstein (herein, "Defendant"), a non-state actor, pursuant to the Court's grant of supplemental jurisdiction, 28 U.S.C. §1367(a). See Am. Comp. at ¶20 ("Jurisdiction over federal claims is invoked pursuant to 28 U.S.C. Section 1331. . . . The Court has supplemental jurisdiction over the remaining State causes of action pursuant to 28 U.S.C. Section 1367. The Court has supplemental party jurisdiction over defendant Lloyd Epstein pursuant to 28 U.S.C. Section 1367.").

Following a period of pretrial discovery, Plaintiff settled her claims against all of the state actor defendants and submitted a stipulation of discontinuance with prejudice as to all of the state actor defendants, which Your Honor signed on August 10, 2007. See Docket #125, Stipulation and Order. Following this dismissal of the state actor defendants, Plaintiff now seeks "to remove" the instant litigation to state court based upon the absence of any remaining federal cause of action. See Pl's Mem. at p. 1. Defendant, through counsel, opposes Plaintiff's motion to remove this action – not on the common sense ground that a case cannot be removed from federal court to state court – but on the substantive grounds that judicial economy and fairness dictate that the Court retain supplemental jurisdiction over this case and that Plaintiff's suggestion that her lawsuit will be presented to a jury faster in state court than if it remains in this Court is without merit. See Docket #147, Affirmation of Gail Monaco in Opposition to Plaintiff's Motion (herein, "Def's Aff.") at pp. 5-12. Defendant's counsel also notes that Plaintiff's argument that Defendant has caused delay in this action by failing to consent to the

jurisdiction of the undersigned for trial under 28 U.S.C. §636(c) is wholly inappropriate – which the undersigned agrees with entirely – and that Plaintiff appears to be forum shopping now that she has allegedly benefitted from the more lenient expert disclosure standards employed by the Federal Rules of Civil Procedure.  See Def's Aff. at ¶11 ("Plaintiff wishes to avail herself of every possible advantage from [the] Federal Rules of Civil Procedure and then, [sic] turn around and obtain a more favorable venue in New York State Supreme Court, County of New York. Plaintiff is forum shopping in the most blatant and opportunistic manner.").

   This is an unconventional motion.  Plaintiff, following discovery in this action and the dismissal of the state actor defendants, now seeks dismissal of her own Amended Complaint from this Court by way of a "removal" or remand to a state tribunal.  As explained below, such a request is a legal nullity because there exists no authority – constitutional, statutory, or otherwise – for a federal court to order that a case be placed on the docket of a state court when the action is commenced originally in federal court.  I therefore conclude, and respectfully recommend that Your Honor should conclude, that (1) Plaintiff's motion to "remove" or remand this action to New York State Supreme Court should be denied, and that (2) Plaintiff's motion to "remove" or remand should be construed as a motion to dismiss under 28 U.S.C. §1367(c)(3) based upon the absence of any remaining federal claim.  Construing Plaintiff's motion in this fashion, I respectfully recommend that Plaintiff's motion should be granted insofar as this Court should decline to continue to exercise supplemental jurisdiction over the remaining state law causes of action in Plaintiff's Amended Complaint.  It is odd, to say the least, to have a Plaintiff move to dismiss her own Amended Complaint from federal court for want of any remaining federal cause

of action when she commenced that action in federal court in the first instance.[1]  Plaintiff,
however, is the master of her pleading, and if Plaintiff wishes to seek dismissal of her own filing
from this Court, the undersigned finds no reason in the Federal Rules of Civil Procedure or in the
case law of this District, this Circuit, or the Supreme Court of the United States to recommend
that such an idiosyncratic motion should be denied.  Although the Defendant's arguments in
opposition raising concerns about the Plaintiff engaging in forum shopping and taking advantage
of the more permissive standards of the Federal Rules of Civil Procedure are not without merit,
the undersigned respectfully recommends that retention of this case by the Court is not
warranted.  Both Plaintiff and Defendant have benefitted from the rulings of this Court;
Defendant, most recently, has been permitted to Amend his Answer to include an affirmative
defense under N.Y. GEN. OBLIG. LAW §15-108(a) seeking a setoff in light of Plaintiff's
settlement of her claims with the state actor defendants.  See Docket #136, Decision and Order.[2]
Defendant will not be disadvantaged by defending against the remaining claims in this case,
which are state common law claims asserted by a New York resident against a New York
resident, in New York State Supreme Court, rather than in the United States District Court.

        For the reasons that follow, I conclude, and respectfully recommend that Your Honor
should conclude, that Plaintiff's motion to dismiss should be granted and that the Court, in its
discretion, should decline to exercise supplemental jurisdiction over the remaining state law

---

[1] There is a procedural reason for this oddity, which is explained infra at p 15.

[2] Plaintiff has filed objections with Your Honor to the undersigned's decision permitting
Defendant leave to file an Amended Answer.  Plaintiff's counsel, however, improvidently styled
such objections as a "motion to alter judgment."  See Docket #138.  Plaintiff's objections are
fully briefed, see Docket ##138-142, and are not discussed in this Report and Recommendation.

claims between the non-diverse parties under 28 U.S.C. §1367(c)(3).  To be clear, the undersigned expressly declines to recommend "removal" or remand of this case to the New York State Supreme Court, New York County; no such statutory authority exists when an action is commenced initially in this Court pursuant to one of its grants of original jurisdiction, and I therefore recommend that discretionary declination of supplemental jurisdiction under §1367(c)(3) is appropriate in this case.

## **BACKGROUND**

A.    Facts

The following basic facts, along with the procedural history of this case, inform the instant recommendation to decline to continue to exercise supplemental jurisdiction over Plaintiff's suit under §1367(c)(3).

Plaintiff commenced this action in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367 asserting various federal and state causes of action against several New York City police officers, the New York City Medical Examiner's Office, the City of New York, and Lloyd Epstein based upon her son Anthony Ferro's death on June 22, 2002.  See Am. Comp. at ¶25. Plaintiff alleged that Lloyd and Benjamin Epstein improperly restrained Mr. Ferro after Mr. Ferro allegedly attacked a third party who was accompanying the Epsteins.  See Am. Comp. at ¶1. Plaintiff claims the Epsteins ignored Mr. Ferro's requests for help while they restrained him pending the arrival of the police, and that these failures to respond to his requests for help contributed to Mr. Ferro's death.  See Am. Comp. at ¶4.  Plaintiff also asserted claims against the state actor defendants for, *inter alia*, using excessive force on Mr. Ferro after they took custody of him from the Epsteins, failing to respond to his requests for medical intervention, and

conspiring to alter Mr. Ferro's autopsy report.  See Am. Comp. at ¶4.

As noted above, following a period of pretrial discovery, Plaintiff and the state actor defendants settled Plaintiff's claims against the state actor defendants.  See Docket #125, Stipulation and Order.  Following the dismissal of the state actor defendants from this suit, the only remaining claims are causes of action seven, eight, and nine, sounding in wrongful death, negligence, and battery, brought under the common law of the State of New York against Lloyd Epstein, a non-governmental actor, who is a resident of the State of New York.  See Docket #136, Decision and Order at p. 3 (summarizing remaining claims following dismissal of state actor defendants); see also Am. Comp. at ¶¶6, 8 (averring New York state residence for both Plaintiff and Lloyd Epstein).

B.      Summary of Plaintiff's Motion to Remand or to Remove this Action to State Court

Plaintiff seeks "removal" or remand of this action to state court based upon the absence of any remaining federal cause of action.  Plaintiff argues that without a federal cause of action pending, the Court lacks subject matter jurisdiction over the balance of her Amended Complaint and that the Court should remand or "remove" the action to New York State Supreme Court.  See Pl's Mem. at p. 3-4.  Plaintiff also argues that it would be more economical to have this case heard in state court, see id. at pp. 5-6, and that Defendant should be estopped from opposing remand because Defendant's counsel had previously proposed that the action should be heard in state court, see id.  Plaintiff also makes an argument that Defendant is engaging in bad faith tactics and delay by failing to consent to the jurisdiction of the undersigned.  See Pl's Mem. at p. 6.  Finally, Plaintiff argues that the case law of the Circuit weighs in favor of the Court declining to exercise supplemental jurisdiction under 28 U.S.C. §1367(a), and that the practice in this

6

Court is to remand such state law claims to state court.

## **DISCUSSION**

A.    Nature of Federal Court Jurisdiction and Remand Authority

There are several ways in which a civil suit can be heard in federal district court; the three most common ways are (1) to have the action commenced in federal court under 28 U.S.C. §1331 based upon a federal question; (2) to have the action commenced in federal court under 28 U.S.C. §1332 based upon the complete diversity of citizenship of the litigants; or (3) to remove an action commenced in state court to federal court under circumstances where the state court action could have been initiated in federal court in the first instance under either §§1331 or 1332, see 28 U.S.C. §1441(a), (b).  The federal courts have supplemental jurisdiction to hear state law claims under 28 U.S.C. §1367 when the state law claims share a commonality with claims that are properly before the federal court pursuant to one of its grants of original subject matter jurisdiction, i.e. federal question jurisdiction or diversity jurisdiction.  See Osborn v. Haley, 549 U.S. 225, 245 (2007) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

The decision to remove a case from state court to federal court is one of the few tactical decisions a defendant can make regarding which court has jurisdiction to hear a dispute.  The federal removal statutes, 28 U.S.C. §§1441-1453, speak *exclusively* of removal from state court to federal court by a *defendant*.  Plaintiff, as master of his or her pleading, cannot initiate an action in state court and then remove his or her complaint to federal court.  See 28 U.S.C. §1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants [] to the district court of the United States for the district and division embracing the place where such

7

action is pending."). "Removal is limited to the transfer of an action originally commenced in state court to a federal court . . . .[T]he right of removal lies solely with a defendant." Hatheril v. Michael, 92 Civ. 6618 (CES), 1993 WL 385754, at *1 (S.D.N.Y. Sept. 23, 1993).

Concomitant with the authority of a federal district court to hear a case removed from state court by a defendant is the authority of the federal court to remand that case to the state court from which it was removed. See 28 U.S.C. §1447(c) (discussing the authority of the federal district court to remand a removed action to state court). The power of a federal district court to remand a case to state court, however, is limited to instances where an action is commenced in state court and subsequently removed to federal court; the authority to remand implies that the federal district court can return or send a case back to where it was originally commenced. See Hatheril, 1993 WL 385754, at *1 ("a case originally commenced by a plaintiff in federal court cannot [] be removed by that plaintiff from federal court to state court."); see also Black's Law Dictionary 1319 (8th ed. 2004) ("remand (1) To send (a case or claim) back to the court or tribunal from which it came for some further action"). Federal district courts do not have the authority to remand an action originally commenced in federal court under either of its grants of original subject matter jurisdiction – i.e. 28 U.S.C. §1331 or §1332 – to a state tribunal *sua sponte*. See McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983).

B.    Plaintiff's Motion to Remove or Remand

Plaintiff initiated this action in this Court pursuant to 28 U.S.C. §1331 based upon asserted violations of the United States Constitution, which are made actionable under 42 U.S.C. §1983. This Complaint was filed *in this Court* by the Plaintiff citing to this Court's original jurisdiction in §1331. See Docket #1, Complaint at ¶25; Am. Comp. at ¶20. Plaintiff properly

8

invoked the Court's grant of supplemental jurisdiction under 28 U.S.C. §1367(a) to cover the

state law claims asserted against the state actor defendants and to cover the state law claims

against the non-state actor defendant Lloyd Epstein.  See Am. Comp. at ¶20.  This case, having

begun in this Court, cannot be remanded to a state court in which it was never filed.  No

defendant removed this case to this Court pursuant to 28 U.S.C. §1441, and this Court is without

authority to remand this case to state court under 28 U.S.C. §1447.[3]  I therefore respectfully

recommend that Plaintiff's motion to remand or "remove" this case to New York State Supreme

Court is without merit.

The few other courts to have considered requests similar to that of the instant motion

have also concluded that the federal statutes pertaining to transfer of venue do not empower

federal trial courts to transfer cases to state tribunals.  See McLaughlin, 721 F.2d at 428-29;

Bresier v. Golden Nat. Mort. Banking Corp., 225 F.3d 645, 2000 WL 1185582, at *2 (2d Cir.

2000) (Table Decision) ("neither the district court nor this court has the power to transfer

appellants' case to the state court system."); 28 U.S.C. §1631 (providing for transfer to different

federal forum where jurisdiction is proper).  I therefore also respectfully recommend that this

Court cannot transfer the instant matter to a New York State Supreme Court under any other

---

[3]  It should be noted that Plaintiff had filed an action in New York State Supreme Court, New York County, asserting New York common law claims against some of the defendants that were in this case, which was dismissed by the state court based upon Plaintiff's failure to file a timely notice of claim under state law.  See Pl's Mem. at pp. 1-2.  Plaintiff appealed that decision, which was reversed by the Appellate Division, First Department.

Plaintiff claims, however, that she amended her Complaint in this Court to include her New York state common law claims before the Appellate Division rendered its decision.  Id.  A quick comparison of Plaintiff's Complaint and Amended Complaint does not support this rendition of the history of Plaintiff's pleadings in this Court.  This, however, is of no moment and does not impact upon the undersigned's instant recommendation that the Court decline to exercise supplemental jurisdiction.

federal statutory authority.

C.      <u>Motion to Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law
        Claims under 28 U.S.C. §1367</u>

        Plaintiff also suggests that this Court lacks subject matter jurisdiction over the remaining

state law claims and that this is an additional basis to dismiss her Amended Complaint from this

Court.  The Supreme Court has recently clarified, however, that a federal court's subject matter

jurisdiction over state law claims under 28 U.S.C. §1367(a) does not dissolve upon the dismissal

of the claims over which the federal court had original subject matter jurisdiction under either 28

U.S.C. §1331 or §1332.  <u>See</u> <u>Carlsbad Tech. Inc., v. Hif Bio, Inc., et al.</u>, 07-1437, – S. Ct. – ,

2009 WL 1174837 (May 4, 2009).  Thus, following the dismissal of original jurisdiction claims,

a federal court retains subject matter jurisdiction to hear state law claims under §1367(a) and the

federal court is not obligated to dismiss such state law claims for want of subject matter

jurisdiction in such circumstances.  <u>Id.</u> at *3.  The federal court may, however, exercise its

discretionary statutory authority under 28 U.S.C. §1367(c) and decline to exercise supplemental

jurisdiction.  <u>Id.</u>

        The decision to decline to exercise supplemental jurisdiction is left to the discretion of the

trial court.  <u>See</u> 28 U.S.C. §1367(c) ("The district courts may decline to exercise supplemental

jurisdiction over a claim under subsection (a) [of §1367] . . ."); <u>see also</u> <u>Valencia ex rel. Franco</u>

<u>v. Lee</u>, 316 F.3d 299, 305 (2d Cir. 2003).  The Second Circuit has held that a trial court's

decision whether to exercise supplemental jurisdiction must be limited to the grounds

enumerated in §1367(c); district courts are not permitted to rely upon other factors when

exercising their authority to decline to exercise supplemental jurisdiction.  <u>See</u> <u>Itar-Tass Russian</u>

10

News Agency v. Russian Kurier, 140 F.3d 442, 447 (2d Cir. 1998) (citing and quoting McLaurin

v. Prater, 30 F.3d 982, 985 (8th Cir. 1994) (" '[Subsection 1367(c)] plainly allows district courts

to reject jurisdiction over supplemental claims only in the four instances described therein.' ")).

Because all of the Plaintiff's federal claims have been dismissed from this suit, the Court is

extended the discretion to decide whether to exercise supplemental jurisdiction over the

remaining state law causes of action under §1367(c)(3).  See Kolari v. New York Presbyterian

Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("Once a district court's discretion is triggered under

§1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and

comity,' . . . in deciding whether to exercise jurisdiction.") (internal citation omitted).

      The strong preference in this Circuit is for district courts to decline to exercise

supplemental jurisdiction under §1367(c)(3) when all of the federal claims are dismissed from

the suit prior to trial.  See Kolari, 455 F.3d at 122; Valencia ex rel Franco, 316 F.3d at 305.  This

preference is not an inexorable command, and there are several cases in which district courts, in

their discretion, have concluded that the retention of supplemental jurisdiction over the state law

claims is appropriate.  See Valencia ex rel. Franco, 316 F.3d at 306.  Such instances include

when the remaining state law claims are linked to unique federal interests, when dismissal of the

federal claims comes days before the commencement of trial, when the court has expended

significant time in discovery and dispositive motion practice prior to dismissal of the federal

claims, and when the state law claims do not present novel questions of state law.  Id.

      The undersigned respectfully recommends that the Court should decline to exercise

supplemental jurisdiction over the remaining New York state common law claims asserted

against the remaining Defendant.  Although this case has been pending for some time in this

Court, this Court has not engaged in any substantive dispositive motion practice focusing on the viability of the claims raised by the Plaintiff in her Amended Complaint. The only decisions rendered by this Court pertain to procedural issues raised during the course of discovery, including motions to amend the complaint and the answer, motions for the production of documents, and motions on other sundry standard discovery disputes. Neither Your Honor nor the undersigned has expended time considering the viability of any of the claims raised in this case such that judicial economy and efficiency would be squandered by declining to exercise supplemental jurisdiction over these claims. See id. (citing Raucci v. Town of Rotterdam, 902 F.2d 1050, 1055 (2d Cir. 1990) for the proposition that a district court acted properly in retaining supplemental jurisdiction over state law claims after the court had entertained and considered three dispositive motions); see also Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004) (noting that the district court properly retained supplemental jurisdiction after spending "considerable time dealing with the legal issues[, . . .] becoming fully conversant with the facts[, and . . .] conduct[ing] a trial on the merits.") (quotation omitted).

The uncommon procedural posture of the parties also lends support to the undersigned's recommendation that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. As a general matter, a defendant in a civil suit does not have an ability to select the forum in which he or she is sued save for the limited instance when he or she is sued in a state forum on claims that could have been filed directly against him or her in federal court in the first instance. See 28 U.S.C. §1441(a), (b). The defendant's limited ability to affect the forum in which he or she is sued comports with the long-established legal principle that " '[t]he party who brings a suit is master to decide what law he [or she] will rely upon and

12

therefore does determine whether he [or she] will bring a "suit arising under (the laws) of the United States by his [or her] declaration or bill.' " Vitarroz Corp. v. Borden, Inc., 644 F.2d 960, 964 (2d Cir. 1981) (quoting The Fair v. Kohler Die & Speciality Co., 228 U.S. 22, 25 (1913) (alteration in quotation)).  Similarly, the burden to establish the subject matter jurisdiction of a court rests with the party asserting that the particular court has jurisdiction in the first instance. In cases where an action is filed directly in federal court by a plaintiff, the plaintiff bears such burden; in instances where a defendant removes a case to federal court, the defendant bears such burden.  See Sharkey v. Quarantillo, 541 F.3d 75, 82-83 (2d Cir. 2008) (noting that the party asserting jurisdiction bears the burden of establishing jurisdiction); Cal. Pub. Employees Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (commenting that the defendant bears the burden of establishing the federal court's jurisdiction when he or she removes a case to federal court from state court).  These principles confirm that the selection of the forum in which a complaint is heard is almost always left to the party petitioning the court to hear his or her case; in this instance, the Plaintiff is the party that brought this case in federal court, and it remains the Plaintiff's prerogative to select the forum in which these claims should be heard.  Plaintiff's choice to select the forum, even at this point in the proceedings, should not be impeded by a non-diverse defendant who could not have removed this case to this Court in the first instance had he been the only named defendant.[4]  The undersigned's recommendation would be different if Plaintiff's motion either was made on the eve of trial or was motivated by bad faith.  The undersigned respectfully recommends, however, that neither of these circumstances are present in

---

[4]  Plaintiff and Defendant share similar state citizenship, thus defeating removal based upon diversity of citizenship, and Plaintiff does not allege that Defendant acted contrary to federal law, thus defeating removal based upon federal question jurisdiction.

this case.

Defendant's argument that Plaintiff is forum shopping now that she has benefitted from the Federal Rules of Civil Procedure's broader expert disclosure requirements does not persuade the undersigned to recommend to Your Honor to retain jurisdiction over this case. Both sides have presumably benefitted from the Federal Rule's requirement that expert opinions and reports be exchanged prior to trial; both parties are subject to this provision, and Defendant's insinuation that this requirement has only benefitted Plaintiff is misplaced. See Def's Aff. at ¶9 ("Under the Federal Rules of Civil Procedure . . . plaintiff is entitled to a complete statement of all the data and other information considered by the [expert] witness informing his/her opinions, and any exhibits to be used in support of that."). Under the Federal Rules of Civil Procedure, both parties are subject to this disclosure obligation; moreover, both parties have ostensibly benefitted from this discovery provision that is utilized in federal court but is absent in state court. See FED. R. CIV. P. 26(a)(2) ("In addition to the disclosures required by Rule 26(a)(1), *a party must disclose to the other parties* the identity of any witness it may use at trial . . ."). Respectfully, this limited procedural distinction between the scope of producible discovery in federal and state court does not justify the Court retaining jurisdiction over claims that are completely within the orbit of state law and that are asserted by a New York resident against a New York resident.

The undersigned recognizes that the Court's decision on Plaintiff's motion has a direct impact on whether Plaintiff is able to initiate these claims against the Defendant in state court. See N.Y. C.P.L.R. 205[a] ("If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute, or a final judgement on the

14

merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor

or administrator, may commence a new action upon the same transaction or occurrence or series

of transactions or occurrences within six months after the termination provided that the new

action would have been timely commenced at the time of commencement of the prior action and

that service upon defendant is effected within such six-month period."). The bar to reactivating a

voluntarily dismissed claim contained within N.Y. C.P.L.R. 205[a] is the ostensible reason why

Plaintiff has not voluntarily discontinued this action, but rather has moved this Court for an order

to have the case "removed" or remanded to state court. See Pl's Mem. at pp. 2-3 ("In January

2008, plaintiff moved to have her case restored in New York State Supreme Court, New York

County. This time, defendant Epstein changed his mind, and opposed plaintiff's motion. The

motion was not granted because it was untimely in that the case needed to be removed from

federal court first."); see also Docket #146, Declaration of Todd Krouner, Ex. E., Order of the

Honorable Michael D. Stallman, Supreme Court of the State of New York, New York Court

("Plaintiff chose to terminate this action four years ago. Should the federal action terminate on a

basis so as to permit a timely, new state action to be commenced (see CPLR 205[a]), plaintiff

may then so proceed."). Several decisions of the Appellate Division suggest that a plaintiff is not

barred from activating a claim in state court under N.Y. C.P.L.R. 205[a] that was previously filed

in federal court and dismissed under 28 U.S.C. §1367(c). See, e.g., Stylianou v. Inc. Vill. of Old

Field, 23 A.D.3d 454, 457 (2d Dept. 2005) (citing other Appellate Division decisions standing

for the same proposition of law). Whether Plaintiff will ultimately be permitted to file her claims

in state court under this provision of the N.Y. C.P.L.R. is not within this Court's authority.

Neither the fact that Plaintiff needs the Court to dismiss this action under §1367(c)(3) in order to

15

avoid the bar to refiling within N.Y. C.P.L.R. 205[a], nor the fact that Plaintiff herself is unable

terminate this action voluntarily under FED. R. CIV. P. 41(a) without likely forfeiting her claims

against the Defendant in state court, should be relied upon as grounds to retain jurisdiction over

these exclusive state common law causes of action under §1367(c)(3).

Finally, the undersigned is obligated to state expressly that this Report and

Recommendation has been prepared free from any consideration as to whether either party was

inclined or disinclined to consent to the jurisdiction of the undersigned under 28 U.S.C. §636(c).

The United States Code provides litigants with the option of consenting to the jurisdiction of a

United States Magistrate Judge; Defendant's election to have this case remain on Your Honor's

docket is of no moment to the undersigned and the undersigned takes no umbrage based upon the

tactical, procedural decision of defense counsel in this regard.  See, e.g., Gonzalez v. United

States, 128 S. Ct. 1765, 1770 (2008) (discussing the nature of the "tactical decision" an attorney

makes when he or she considers consenting to a United States Magistrate Judge).  Plaintiff's

counsel's suggestion that the Defendant intended to delay and hamper the progress of this

litigation by not consenting to the jurisdiction of the undersigned far exceeds the permissible

grounds upon which Plaintiff's counsel should have based this motion.  Plaintiff's suggestion

that Defendant's failure to consent to the jurisdiction of the undersigned should be factored into

the Court's decision on the pending motion is inappropriate and demonstrates a

misunderstanding of federal practice.

## CONCLUSION

Notwithstanding the improvident grounds upon which Plaintiff seeks remand or

"removal" of this case from this Court, I conclude, and respectfully recommend that Your Honor

16

should conclude, that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367(c)(3).  This Court, while spending time on this case, has not applied the same degree of legal analysis or invested the same amount of time as the other district courts that have concluded that retention of supplemental jurisdiction over state law claims under 28 U.S.C. §1367(a) is proper.  I therefore respectfully recommend that Plaintiff's motion to dismiss should be granted, that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C §1367(c)(3), and that this case should be closed.  Plaintiff may take whatever appropriate steps are necessary to initiate this action in New York State Supreme Court; this Court is without the constitutional or statutory authority to remand, remove, or transfer this case to a state tribunal given that it was commenced in federal court in the first instance.

### NOTICE

_____Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: May 14, 2009
      White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Counsel of Record for Plaintiff and Defendant