**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MAXINE SCHIFFMAN, Individually and as Administratrix of the Estate of ANTHONY FRANK FERRO, Decedent,**

**Plaintiff,**

***v.***

**LLOYD EPSTEIN, Individually and as Parent and Natural Guardian of BENJAMIN EPSTEIN, a minor, et al.,**

**Defendants.**

**04 Civ. 2661 (SCR)(LMS)**

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

**STEPHEN C. ROBINSON, United States District Judge:**

Following the settlement of all federal claims against the government defendants, Maxine Schiffman desires to litigate the remainder of this case in state court. To this end, she has filed a motion "to remove her case from the federal court to the state court." *See* Plaintiff's Memorandum of Law in Support of Her Motion to Remove Her Case to State Court (Docket Entry 145), p. 1. This case was referred to Magistrate Judge Lisa Smith to issue a Report and Recommendation on Schiffman's motion.

Magistrate Judge Smith issued the Report and Recommendation on May 14, 2009, construing the plaintiff's motion as one requesting the Court to decline its discretionary exercise of supplemental jurisdiction over the remaining state law claims. Noting that this Court is without the constitutional or statutory authority to remand, remove, or transfer this case to a state tribunal given that it was initiated in federal court, Judge Smith advised this Court to grant Schiffman's motion and dismiss the remainder of the case. As Judge Smith explicitly noted at the end of the Report and Recommendation,

under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within thirteen working days from May 14, 2009. In the subsequent submissions from both parties, neither objects to Judge Smith's Report and Recommendation.

## I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). As neither party objects to Judge Smith's Report and Recommendation, this Court reviews the Report and Recommendation for clear error only.

## II. DISCUSSION

Having reviewed Judge Smith's thorough and well-reasoned Report and Recommendation, this Court finds no clear error on the face of the record. Moreover, the Court finds no untoward motive in Schiffman's curious procedural wrangling, and, consequently, the Court dismisses the remainder of this case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the

pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *accord Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). The Clerk of the Court is directed to close this case, terming all outstanding motions.[*]

*It is so ordered.*

Dated: White Plains, New York
June 23, 2009

Stephen C. Robinson, U.S.D.J.

[*] Given the procedural posture of this case, the Court declines Schiffman's invitation to reconsider a discovery ruling by Judge Smith. *See* Motion to Alter Judgment (Docket Entry 138). The Court need not consider a motion over which—at the plaintiff's own request—the Court no longer exercises jurisdiction.